## JOSEPH A. HOLPUCH CO. v. UNITED STATES.

### No. 43812.

Court of Claims.

May 7, 1945.

Norman B. Frost, of Washington, D. C. (George M. Weichelt, of Chicago, Ill., on the brief), for plaintiff.

William A. Stern, II, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for the defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHALEY, Chief Justice.

This case and that of the same plaintiff, docket No. 43809, 67 F.Supp. 945, were heard, argued and submitted together.

950

They involve the same project, the erection of company officers' quarters at Fort Sam Houston, Texas, and where the buildings under one contract left off, the others began. The facts closely parallel each other.

█ What is said in the other case with respect to spiral spacers, applies here. For lack of the proof referred to, there can be no recovery.

█ With regard to bricklayers' increase in wages, the plaintiff is, for the reasons stated, entitled to recover $3,299.00 without profit or overhead.

█ The increase in lumber prices here was also an expense for which defendant is not liable. Notice of the increase under the Code was published before the plaintiff entered into the instant contract, very shortly before, it is true, but still before, and plaintiff had no firm and binding agreement with the lumber company as to prices.

█ As to footing depths, the figures are different, but the variance is not so great, or so persuasive, as to make the selection different. The 33-foot basis is the appropriate one to apply, and the plaintiff on that basis is entitled to recover $4,922.87. The contract was not altogether well-drawn and another instance perhaps of inartificiality is that the unit price for excavation in piers and bell foundations, for additions to and deductions from the contract price, is given in case No. 43809 as $60 per cubic yard, while in the case we have here, No. 43812, it is given as $1.50 per cubic yard, one being forty times that of the other. The suspicion can hardly be avoided that the contract was not free from mistakes.

█ The plaintiff's claim for remission of liquidated damages for delay must fail in this case as in the other, because the claim was not perfected in the manner agreed to. The paying officer was here also to be the Finance Officer, U. S. Army, Fort Sam Houston, Texas. He may or may not have been advised by the contracting officer as to deduction for liquidated damages, but the plaintiff here did not forestall the deduction by pursuing the contract formality of the ten-day notice under Article 9, which would have started in motion an administrative examination of the claim. Such an examination is here lacking and the plaintiff may not recover.

Plaintiff is entitled to recover $8,221.87. It is so ordered.

MADDEN and LITTLETON, Judges, concur.

JONES and WHITAKER, Judges, took no part in the decision of this case.